[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS
The child's date of birth is April 13, 1981; he was committed to the care and custody of the Commissioner of the Department of Children and Youth Services on June 27, 1988, which order of commitment was extended on November 16, 1989. The instant petition alleges General Statutes Sections 17a-112
(formerly Section 17-43a)(b)(1) and (4) as grounds for termination of the parental rights of the respondent/father.[1]
CT Page 8704 The petition recites the whereabouts of the father, Robert Garrett, as "unknown"; an examination of the official court file confirms publication in accordance with the Order of Notice.
An evidentiary hearing was conducted on September 16, 1991; respondent/father was not present. The court finds, by clear and convincing evidence, that termination is in the best interests of the child, and that over an extended period of time of not less than one year, the child has been abandoned by the parent (respondent/father) in the sense that the parent failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child; and, that there is no ongoing parent-child relationship with respect to the father, which means the relationship that ordinarily develops as a result of a parent having met on a continuing day to day basis the physical, emotional, moral and educational needs of the child, and to allow further time for the establishment or reestablishment of such parent-child relationship would be detrimental to the best interests of the child.
The court has considered, carefully, the factors set forth in Section 17a-112 (d)(1) through (6), and hereby finds (applying a clear and convincing standard), the following:
(1) Timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.
The respondent/father has not been available or offered himself as a resource for the child. Since his whereabouts have remained unknown, agency services and efforts to effectuate a reunification with the child could not be put in place.
(2) Terms of any applicable court order entered into and agreed upon by an individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.
There were no court ordered expectations with respect to respondent/father because of his unavailability, and the fact that his whereabouts were unknown.
(3) Feelings and emotional ties of the child with respect to his parent(s), any guardian of his person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.
The child is ten years of age and has been in CT Page 8705 placement for approximately three years. The child enjoys seeing his mother, may have feelings towards, and emotional ties to her, but has shown none towards father, since father has never been a caretaker of said child. The child has significant emotional ties to the foster caretaker.
4. The age of the child.
The child is ten years of age; given the age of the child, termination is in his best interest.
5. The efforts the parent has made to adjust his circumstances, conduct and conditions to make it in the best interests of the child to return to his home in the foreseeable future, including, but not limited to, (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications, or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.
Robert Garret has not been in contact, or had communications, with DCYS regarding the child; there have been no significant efforts on the part of the father towards a reuniting with the child, or an adjusting of his circumstances, conduct and conditions to provide a home to which the child could, in his best interests, return in the foreseeable future. The father has not maintained regular contact or communication with the guardian or other custodian of the child.
6. The extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
The father has not been prevented in any way, or by anyone, from maintaining a meaningful relationship with the child.
The petitioner has met its burden of proof by clear and convincing evidence. The best interests of the child will be served by termination and by provision of a safe, stable, secure, permanent home; consideration as a permanent placement has been requested by the foster parent(s).
The petition to terminate the parental rights of the respondent/father is hereby Granted; and, the Commissioner of the Department of Children and Youth Services is appointed Statutory Parent for the minor child. CT Page 8706